# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2019-0211, <u>State of New Hampshire v. Dennis Allen, Jr.</u>, the court on June 19, 2020, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case.  <u>See</u> <u>Sup. Ct. R.</u> 18(1).  We affirm.

The defendant, Dennis Allen, Jr., appeals his conviction, following a jury trial, of operating a motor vehicle after being certified as an habitual offender.  <u>See</u> RSA 262:23 (Supp. 2019).  He argues that the Superior Court (<u>Schulman</u>, J.) erred in:  (1) not dismissing the case for insufficient evidence; and (2) admitting his motor vehicle records into evidence.

We first address the defendant's challenge to the sufficiency of the evidence.  "To prevail upon a challenge to the sufficiency of the evidence, the defendant must prove that no rational trier of fact, viewing all the evidence and all reasonable inferences from it in the light most favorable to the State, could have found guilt beyond a reasonable doubt."  <u>State v. Vincelette</u>, 172 N.H. 350, 354 (2019).

The record shows that on October 24, 2017, a trooper served the defendant at his home with an order to appear for a hearing on November 17, 2017, to determine whether he would be certified as an habitual offender.  The order informed the defendant that failure to appear for this hearing "shall result in the revocation of your driver license and/or driving privileges," and, upon such default, shall "result in your being certified as an Habitual Offender."  On November 16, 2017, the day before the hearing, the defendant contacted the Bureau of Hearings (bureau) and requested a continuance.  The bureau e-mailed the defendant that a request for a continuance must be in writing and must include a new date and time when he would be available to appear.  That evening, the defendant replied by e-mail, stating that he did not have a date in mind.  On November 29, 2017, the bureau e-mailed the defendant, "Please provide a new date and time you can appear, otherwise we have to default you."  The defendant did not respond.

On March 1, 2018, the bureau mailed the defendant an order notifying him that, based upon his failure to appear for a hearing, he had been certified as an habitual offender effective March 11, 2018.  On March 6, 2018, the Division of Motor Vehicles mailed the defendant a notice of suspension,

notifying him that his driving privileges had been suspended effective March 11, 2018, as a result of an habitual offender certification hearing. Although the bureau's order was returned, there was no evidence that the DMV notice was returned, and both documents were mailed to the defendant at his correct home address.

On April 11, 2018, one month after the defendant's certification as an habitual offender became effective, a trooper stopped him for driving 80 miles per hour in a 50-mile-per-hour zone. The trooper first activated his cruiser's emergency lights, but when the defendant did not pull over promptly, he activated his siren. When the trooper asked the defendant why he did not pull over right away, the defendant stated that he had been wearing earbuds. After checking the defendant's license, the trooper learned that he had been certified as an habitual offender and arrested him.

Later that day, after being released, the defendant e-mailed the bureau in response to its November 29, 2017 email stating, "I only rec[ei]ved this email today." The defendant further stated that he "tried to call[ ] about a month ago," and asked the bureau to "kindly give [him] a call." On April 13, 2018, having received no response, the defendant e-mailed the bureau stating, "My mail box has been down for a month since the snow storm. I didn't expect mail [and] didn't think to fix [i]t."

The defendant argues that the evidence was insufficient to prove that he knew that he was certified an habitual offender on April 11, 2018. Proof of a defendant's state of mind often depends entirely upon circumstantial evidence. State v. Vincelette, 172 N.H. at 354. "When the evidence as to an element of proof is solely circumstantial, it must exclude all reasonable conclusions except guilt." Id. "However, the proper analysis is not whether every possible conclusion consistent with innocence has been excluded, but, rather, whether all reasonable conclusions based upon the evidence have been excluded." Id. We assume, without deciding, that the evidence of the defendant's knowledge was solely circumstantial.

The jury is responsible for evaluating witness credibility, resolving conflicts in the testimony, and determining the weight to be given to the evidence. State v. Alwardt, 164 N.H. 52, 57 (2012). In this case, the jury could have reasonably concluded that the defendant received and read the bureau's November 29, 2017 e-mail shortly after it was delivered, not five months later, on the day he was arrested, and that he received and read the DMV's March 6, 2018 notice that he had been certified as an habitual defender shortly after it was mailed. The jury also could have reasonably concluded that the defendant's failure to pull over promptly on April 11, 2018, evidenced his consciousness of guilt, rather than distraction caused by wearing earbuds. See State v. Etienne, 163 N.H. 57, 85-86 (2011) (flight and false exculpatory statements are evidence of consciousness of guilt). Assuming that the jury

2

resolved these credibility issues in favor of the State, <u>see</u> <u>State v. Boggs</u>, 171 N.H. 115, 125 (2018), we conclude that the defendant's alternative hypothesis—that he never knew about his habitual offender status prior to April 11, 2018—was not reasonable, <u>see</u> <u>Vincelette</u>, 172 N.H. at 356.

We next address the defendant's argument that the trial court erred in admitting his motor vehicle records. We review the trial court's evidentiary rulings under our unsustainable exercise of discretion standard. <u>State v. Colbath</u>, 171 N.H. 626, 632 (2019). Under this standard, the defendant must demonstrate that the trial court's decision was clearly untenable or unreasonable to the prejudice of his case. <u>Id</u>. The trial court found that the motor vehicle records were admissible because the defendant's e-mail correspondence with the bureau showed that he was challenging the fairness of the qualifying convictions without identifying the convictions. Moreover, the record shows that the defendant did not agree to the State's proposal to redact references to the fairness issue in the e-mails. Based upon this record, we conclude that the defendant has failed to demonstrate that the trial court's decision was clearly untenable or unreasonable to the prejudice of his case. <u>See</u> <u>id</u>.

<u>Affirmed</u>.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**